UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO.   06- 494M |
| v. | ) | |
| AUBREY TAYLOR, | ) | DETENTION ORDER |
| Defendant. | ) | |

Offenses charged in the District of Nebraska:

    Conspiracy To Possess with the Intent to Distribute Cocaine Base, in violation of Title 21, U.S.C., Section 846;

    Possession of Cocaine Base, in violation of Title 21, U.S.C., Sections 844(a) and 851.

Date of Detention Hearing: September 22, 2006

    The Court conducted both detention hearing pursuant to Title 18 U.S.C. § 3142(f) and a preliminary Rule 5(c)(3) inquiry. The defendant waived his rights to a full Rule 5(c)(3)(D) hearing and the Court signed an order of transfer to the originating district court of the District of Nebraska to answer the charges.

    The detention hearing was uncontested, and the defendant may re-open the matter of detention in the District of Nebraska. The Court finds that, based upon the factual findings and statement of reasons for detention hereafter set forth, no condition or

DETENTION ORDER
PAGE -1-

combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Janet Freeman. The defendant was represented by Robert Gombiner.

### FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) The defendant is viewed as a risk of danger due to the nature of the instant offense.

(3) The defendant does not contest to detention at this time.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

(l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)  The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 25th day of September, 2006.

*/s/ M. J. Benton*

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-